RECEIPT # 63807
AMOUNT $ 250
SUMMONS ISSUED Y-2
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. pr
DATE 4-27-05

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. _______________**

**Richard Halloran,**
**PLAINTIFF,**

**vs.**

**Ronald Rose and**
**Rose Industries, Inc.,**
**DEFENDANTS.**

**Jury Trial Demanded**

05-10847 JLT

MAGISTRATE JUDGE Alexander

**COMPLAINT**

Plaintiff Richard Halloran commences this action against Defendants Ronald Rose and Rose Industries seeking damages, injunctive relief, and an accounting, pleading various causes of action arising from Defendants' willful and wanton patent infringement relative to Plaintiff's invention for an Extendible Golf Brush.

Defendants have made and sold embodiments of Plaintiff's invention without license or permission from Plaintiff and while providing no royalty or other compensation to Plaintiff. Plaintiff's invention is protected by U.S. Patent No. 6,112,357, which issued on September 5, 2000 and is entitled "Extendible Golf Brush." The Defendants' devices literally and directly infringe on Plaintiff's patent rights. Defendants Rose and Rose Industries have continued to make and sell the infringing devices with knowledge of and in knowing and willful disregard for Plaintiff's patent rights. Plaintiff seeks compensation for Defendants' willful infringement and injunctive relief to prevent Defendants' continued making, using, and selling of infringing devices.

## PARTIES

1. The Plaintiff, Richard Halloran, is an individual residing at Three Lewis Street, Andover, Essex County, Massachusetts 01810.

2. Upon information and belief, Defendant Rose Industries, Inc. (hereinafter "Rose Industries") is a California company with a principle place of business at 16742 Stagg Street, #117, Van Nuys, California 91406.

3. Upon information and belief, Defendant Ron Rose (hereinafter "Rose") is an individual residing in California with an address at 16742 Stagg Street, #117, Van Nuys, California 91406.

4. As used herein, the terms "Defendant" or "Defendants" shall also specifically include any and all applicable agents, servants, employees, representatives, parent companies, and subdivisions of the respective Defendants Rose and Rose Industries.

## JURISDICTION AND VENUE

5. This action arises under the Patent Laws of the United States, Title 35 of the United States Code. Jurisdiction and venue are predicated upon United States Code, Title 28, §§ 1331, 1338, 1367, 1391(b) and (c), and 1400.

## FACTS

6. Plaintiff filed a United States Patent Application directed to his invention on October 26, 1998.

7. United States Patent No. 6,112,357 (hereinafter "the '357 patent"), which is appended as Exhibit A hereto, entitled "Extendible Golf Brush," legally and regularly issued to Plaintiff on September 5, 2000.

8. Defendants marketed and sold extendible golf brushes, including golf brushes under the trademark "The Extender", without permission from or compensation to the Plaintiff but with full knowledge of and deliberate disregard for the '357 patent. Appended hereto as Exhibit B is a printout from Defendants' website depicting an embodiment of the accused device.

9. Plaintiff is the sole inventor of the tool disclosed and protected by the '357 patent, and Plaintiff is the sole owner of all right, title, and interest thereto thereby establishing Plaintiff's right to exclude others from making, using, offering to sell, selling, or importing into the United States any device within the scope of coverage provided by the '357 patent.

10. The Defendants' accused golf brush incorporates each and every element of one or more claims of Plaintiff's '357 patent such that the device plainly and literally infringes a plurality of the '357 patent claims.

11. Defendant Rose has directed, ordered, and controlled the manufacture, marketing, and sale of the infringing goods by Defendant Rose Industries.

12. Defendants' infringing activities continued notwithstanding multiple written notices from counsel for Plaintiff whereby Defendants' infringement is in all respects knowing and willful.

13. The Defendants' golf brush device appears to be a replica or knock-off of the brush arrangement disclosed and protected by the '357 patent.

**Count**

**Infringement of U.S. Patent No. 6,112,357**

14. Plaintiff incorporates by reference all allegations set forth in Paragraphs one (1) through thirteen (13) of this Complaint.

15. Plaintiff is the sole owner of all right, title, and interest in and to U.S. Patent No. 6,112,357.

16. Defendants have infringed, induced infringement of, and/or contributorily infringed the '357 patent in violation of 35 U.S.C. § 271 by making, selling, offering for sale, and using an extendible golf brush embodying the patented invention.

17. Because Defendant Rose directed, ordered, and controlled the manufacture, marketing, sale of the infringing goods by Defendant Rose Industries, Defendant Rose is jointly and personally liable in all respects.

18. As a result of Defendants' infringing activities, Plaintiff has been and will be damaged such that Plaintiff is entitled to compensation for those damages from Defendants pursuant to 35 U.S.C. § 284 in an amount that cannot presently be quantified, but will be ascertained at trial.

19. Because the harm that Plaintiff will incur in the future is substantially impossible to determine with precision, Plaintiff has no adequate remedy at law to redress such future infringement, and Plaintiff will suffer immediate and irreparable harm if the future infringement is not prevented. Accordingly, Plaintiff, having a reasonable likelihood of success on the merits of this case, is entitled to injunctive relief as set forth in 35 U.S.C. § 283 to prevent further infringement by Defendants.

**DEMAND FOR JURY TRIAL**

Plaintiff Richard Halloran most respectfully demands a trial by jury on all issues so triable.

**PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff claims damages and prays that Judgment be entered in his favor and against Defendants, and that Plaintiff be granted the following relief:

A) a holding that Defendants Rose and Rose Industries have infringed Plaintiff's U.S. Patent No. 6,112,357;

B) temporary, preliminary, and permanent injunctions enjoining Defendant Rose, Defendant Rose Industries, and their employees, agents, servants, representatives, and any persons or entities acting in privity or active concert with Defendants Rose and Rose Industries from:

i) further infringing, either directly, contributorily, or by way of inducement, Plaintiff's U.S. Patent No. 6,112,357; and

ii) using, marketing, selling, licensing, offering to sell, or otherwise distributing its "The Extender" device;

C) an Order compelling Defendants Rose and Rose Industries to deliver up for destruction all infringing goods within their possession, including, but not limited to, its "The Extender" devices;

D) an award of actual damages as determined by the Court and/or jury in this case;

E) an award of damages, not less than a reasonable royalty, sufficient to compensate Plaintiff for Defendants' acts of willful and wanton infringement, inducement of infringement, and/or contributory infringement;

F) an award of amplified damages pursuant to 35 U.S.C. § 284 in an amount three times the damages caused by Defendants' acts of willful and wanton patent infringement;

G) an award of punitive damages to punish Defendants' willful and malicious conduct in this case, whether allowed by common law or as appropriate pursuant to 35 U.S.C. § 284 or any other provision of law;

H) an award of attorneys' fees pursuant to 35 U.S.C. § 285;

I) an accounting of and the imposition of a constructive trust on all profits and proceeds received by Defendants on their sales of infringing devices;

J) an award of pre-judgment, judgment and post-judgment interest as allowed by law;

K) an award of any and all litigation costs and expenses incurred by Plaintiff in connection with this controversy; and

L) such further relief as the Court deems fair and/or equitable in this case.

**VERIFICATION**

I, Richard Halloran, Plaintiff in the above-captioned action, do hereby depose and state under oath that I have read this Complaint and I do hereby certify that each and every allegation contained herein is true and accurate and based upon my own personal knowledge, information and belief. To the extent this verification is based upon information and belief, I believe the information to be true and accurate.

Signed and sealed under the pains and penalties of perjury.

R Halloran
Richard Halloran

Dated: 3/30/2005

Respectfully submitted,

Plaintiff, by his
Attorney,

Thomas P. O'Connell, Esq.
BBO # 567,644
O'Connell Law Office
135 Cambridge Street, Suite 10
Burlington, MA 01803
Telephone: 781.221.0060

ComplaintHalloran.doc

US006112357A

# United States Patent [19]

Halloran

[11] Patent Number: 6,112,357

[45] Date of Patent: Sep. 5, 2000

[54] **EXTENDIBLE GOLF BRUSH**

[76] Inventor: **Richard Halloran**, 34 Elm St., Andover, Mass. 01810

[21] Appl. No.: **09/179,072**

[22] Filed: **Oct. 26, 1998**

[51] **Int. Cl.**[7] .......... **A46B 15/00**

[52] **U.S. Cl.** .......... **15/106**; 15/161; 15/200; 15/DIG. 6; 24/3.1

[58] **Field of Search** .......... 15/106, 161, 200, 15/DIG. 6; 242/379, 379.2, 384.7, 385.4, 323, 404.3; 24/3.1, 116 A, 3.13, 324, 300; 273/32 B; 473/408

[56] **References Cited**

U.S. PATENT DOCUMENTS



| | | |
|---|---|---|
| D. 339,473 | 9/1993 | Lewis et al. . |
| 5,230,117 | 7/1993 | Johnson et al. . |
| 5,450,954 | 9/1995 | Dunn . |
| 5,458,267 | 10/1995 | Curtis et al. . |
| 5,555,589 | 9/1996 | Moultrie . |
| 5,596,785 | 1/1997 | Park . |
| 5,815,873 | 10/1998 | Jones . |



*Primary Examiner*—Terrence R. Till
*Assistant Examiner*—Jennifer McNeil
*Attorney, Agent, or Firm*—O'Connell Law Office

[57] **ABSTRACT**

An extendible golf brush comprising a tether housing, a flexible bent arm for fastening the tether housing to an external article, a tether extendibly contained within the tether housing, a brush member, and a mechanism for removably fastening a second end of the tether to the brush member. A second end of the flexible bent arm may comprise a first hook for engaging a second hook that is fixed to the tether housing. The mechanism for removably fastening the second end of the tether to the brush member may comprise a fastening mouth with a base member and first and second fastening jaws hingedly connected to the base member for capturing the brush member. Distal ends of the first and second fastening jaws can be selectively fastened together by a male member in combination with a female member. The brush member may be fastened directly to the fastening mouth or it may be coupled thereto by a ring. Both plastic and bronze bristles may project from the brush member to provide varied brushing characteristics. The tether housing may be formed from lightweight plastic halves that retain a lightweight plastic spool, and the tether may comprise a nylon chord.

**17 Claims, 3 Drawing Sheets**






FIG. 1




FIG. 2







FIG. 3




FIG. 4

# EXTENDIBLE GOLF BRUSH

## FIELD OF THE INVENTION

The present invention relates generally to devices for cleaning debris from golf clubs and golf shoes. More particularly, the invention disclosed herein relates to a golf brush that may be securely but removably coupled to a golf bag by an extendible tether.

## BACKGROUND OF THE INVENTION

It must be recognized at the outset that the prior art discloses a plurality of attempts at providing devices for cleaning golf clubs and golf shoes. Among these is a relatively small group of brush devices that are designed to be retained exterior to a golf bag so that a user need not fumble through the pockets of his or her golf bag in search of a needed golf brush. Among that group of devices is a still smaller group of brushes that are retained on the exterior of a golf bag along an extendible, spring-biased tether. With such brushes, a golfer is able to clean his or her golf equipment, such as shoes or golf clubs, without being required to remove the device from the golf bag. When the brush is needed, the golfer merely draws the brush away from the bag thereby extending the tether to allow ready cleaning of golf equipment. When the brush is no longer needed, the golfer simply allows the biased tether to retract the brush to a position adjacent to the golf bag.

Unfortunately, however, prior art brush devices suffer from a plurality of disadvantages. One major disadvantage derives from the method of attachment of prior art devices. For example, certain prior art devices are designed to be attached to a golf bag by a resilient clip member that may be slid over, for example, an upper edge of the golf bag. These devices can exhibit unintentional disattachment from the golf bag, which can lead to a loss of the golf brush.

Furthermore, certain other brush designs are attached to a golf bag by a means that is not subject to ready disattachment from a golf bag. This can be particularly disadvantageous when one seeks to transfer the device from one golf bag to another or when one needs to replace or clean part or all of the golf brush.

Still further, many prior art golf brushes are less than ideal because the brush portion of the device is not readily detachable from the remainder of the device. Also, one will note that many prior art golf brushes employ brush portions that are unique to that particular device. As a result, when the brush portion of the golf brush must be replaced in either such device, the golfer is compelled to replace the entire device instead of only the brush portion, which certainly would be preferred.

Yet further, the inventor has realized that an arguably most important disadvantage exhibited by substantially all prior art devices is that they are manufactured employing such parts and materials that they are too expensive to enjoy widespread commercial success. Consequently, even where such devices function effectively, their expense has been found to diminish their commercial success whereby the devices often fall from the market's view shortly after their introduction.

In light of the foregoing, it becomes clear that a golf brush presenting a solution to one or more of the aforementioned problems exhibited by the prior art would be useful. However, it is still clearer that a device presenting a solution to each and every one of the aforementioned problems while exhibiting a number of heretofore-unrealized advantages would represent a marked advance in the art.



## SUMMARY OF THE INVENTION

Advantageously, the present invention has a principal object of providing an extendible golf brush that is constructed simply and from inexpensive constituent parts whereby the device is durable and effective yet capable of being made available to the public at a reasonable cost.

A further object of the invention is to provide an extendible golf brush that can be securely fastened to an external article, such as a golf bag, while remaining readily removable and replaceable relative to the golf bag.

A related object of the invention is to provide an extendible golf brush that can be separated into constituent parts to allow a user to remove and replace individual parts of the golf brush as circumstances require.

Yet another object of the invention is to provide an extendible golf brush that employs a brush member that can be readily procured to allow ready replacement of the brush member relative to the extendible golf brush.

Undoubtedly, these and further objects and inherent advantages of the present invention will become readily apparent both to one who reviews the present specification and the accompanying drawings and to one who has an opportunity to make use of an embodiment of the present invention.

In accomplishing the aforementioned objects, the present invention essentially comprises an extendible golf brush for cleaning debris from golf equipment. In a most basic embodiment, the extendible golf brush comprises a tether housing, a means for removably fastening the tether housing to an external article, a tether extendibly contained within the tether housing, a brush member comprising a body portion and a plurality of bristles that extend from the body portion, and a means for removably fastening a second end of the tether to the brush member.

In certain embodiments, the means for removably fastening the tether housing to an external article may comprise a flexible bent fastening arm. The flexible bent fastening arm may have a first end fixedly joined to the tether housing and a second end, which may comprise a hook, that can be selectively retained by a receiving mechanism, which also may comprise a hook, that is disposed within an alcove on the tether housing. With this, the flexible bent fastening arm can fasten the tether housing securely to an external article thereby accomplishing the invention's object of securely but removably capturing an element of an external article.

To accomplish the invention's goal of securely but removably retaining the brush member most effectively, the means for removably fastening the second end of the tether to the brush member may take the form of a fastening mouth with a first fastening jaw with a proximal end and a distal end, a second fastening jaw with a proximal end and a distal end, and a means for selectively fastening the distal end of the first fastening jaw to the distal end of the second fastening jaw.

Ideally, the fastening mouth will further comprise a base member, the first fastening jaw will be hingedly coupled to the base member along a first hinge, and the second fastening jaw will be hingedly coupled to the base member along a second hinge. Under this arrangement, the invention's goals are achieved still more effectively since the first and second fastening jaws can be pivoted to a closed position for securely capturing the brush member and the first and second fastening jaws can be pivoted to an open position for releasing the brush member.

Preferably, the means for selectively fastening the distal end of the first fastening jaw to the distal end of the second

fastening jaw will comprise a male member fixed to the first fastening jaw adjacent to the distal end of the first fastening jaw and a female member fixed to the second fastening jaw adjacent to the distal end of the second fastening jaw. With this, the male and female members can be readily engaged to retain the brush member and readily disengaged to release the brush member.

Although the fastening mouth could be directly associated with the body portion of the brush member, it may be preferable to include further a ring with an annular body portion that is mutually received within the fastening mouth and through the body portion of the brush member. Such a connection will, among other things, allow for a more flexible connection between the second end of the tether and the brush member.

It is possible that the brush member could pursue many different embodiments while remaining within the scope of the present invention. However, in preferred embodiments the brush member will be of a type that can be readily procured when a given brush member must be replaced. For example, an ideal brush member will be of the type with an elongate body portion with a plurality of plastic bristles fixedly projecting from a first brushing area and a plurality of bronze bristles fixedly projecting from a second brushing area. Such a brush member is advantageous also because it presents two markedly different brushing areas for accommodating different cleaning needs.

Similarly, the tether housing could assume a plurality of embodiments. However, in furtherance of the invention's explicit goal of providing an extendible golf brush that is simple and inexpensive while remaining effective in use and light in weight, the tether housing may be formed from the union of a first half that is crafted from lightweight plastic and a second half that is similarly crafted from a lightweight plastic. With this, the invention will enjoy lightweight while demonstrating durability and simple functionality. Still further, the tether housing may include a plastic spool rotatably disposed between the first and second halves, and the tether may comprise a nylon chord with a first end fixed to the plastic spool.

Of course, one reading the present disclosure will realize that the foregoing discussion broadly outlines the more important features of the invention to enable a better understanding of the detailed description that follows and to instill a better appreciation of the inventor's contribution to the art. Before an embodiment of the invention is explained in detail, it must be made clear that the following details of construction, descriptions of geometry, and illustrations of inventive concepts are mere examples of the many possible manifestations of the invention.

## BRIEF DESCRIPTION OF THE DRAWINGS

In the accompanying drawings:

FIG. **1** is a perspective view of an extendible golf brush according to the present invention;

FIG. **2** is a view in front elevation of a first half of a tether housing according to the present invention;

FIG. **3** is a view in front elevation of a second half of a tether housing according to the present invention; and

FIG. **4** is a view in side elevation of a fastening mouth according to the present invention.

## DETAILED DESCRIPTION OF A PREFERRED EMBODIMENT

To aid in a more complete understanding of the invention and to ensure that one reviewing the present disclosure would be enabled to practice the invention, a preferred embodiment of the extendible golf brush is indicated generally at **10** in FIG. **1**. In FIG. **1**, the extendible golf brush **10** is shown to include a lightweight tether housing **12** that is founded upon a main body portion **20**. A flexible, bent fastening arm **14** has a first end **16** that is fixed to the main body portion **20** of the tether housing **12** and a second end **18** that comprises a hook, which is also indicated at **18**.

In use, as one can see best through a combined reference to FIGS. **1**, **2**, and **3**, the fastening arm **14** is able to capture an element (e.g., a ring) of an external article (e.g., a golf bag), neither of which are shown. To do so, as the arrows **24** indicate, a user will press the second end **18** of the fastening arm **14** away from a hook **26** of a hook alcove **22** in which the second end **18** is normally retained and toward the first end **16** of the fastening arm **14**. With this, the hook **18** will be disengaged from the hook **26** of the hook alcove **22**.

A user can then bend the fastening arm **14** to an open position as is shown in FIG. **1** to allow the second end **18** of the flexible arm **14** to pass through, for example, a ring of a golf bag to which the extendible golf brush **10** is to be attached. With a ring of a golf bag captured, the second end **18** of the flexible fastening arm **14** can be re-inserted into the hook alcove **22** and then released to allow the hook **18** to engage the hook **26** in a mating arrangement. With this, the extendible golf brush **10** will be securely fastened to the external article. Advantageously, however, the extendible golf brush **10** can be readily removed from the external article by merely reversing the aforementioned process.

A tether **28** extends from the tether housing **12** opposite the fastening arm **14**. Ideally, the tether **28** is formed from a strong but lightweight nylon chord. As FIGS. **2** and **3** show, the tether **28** has a first end **30** fixedly retained by a spool **32** that is rotatably retained between a first half **34** and a second half **36** of the tether housing **12**. The tether **28** is wrapped around the spool **32** for a given number of rotations before exiting the tether housing **12** through a passageway **38**. Looking to FIG. **2** and back to FIG. **1**, one sees that a second end **40** of the tether **28** is fastened to a fastening mouth **42** as by tying a knot in the second end **40** of the tether **28**. The spool **32** is biased to retract the tether **28** from an extended position to the position depicted in FIG. **2** by a helical metal spring **44**.

Advantageously, the tether housing **12** is rendered most simple and inexpensive in construction by being formed by the coupling of the first half **34** and the second half **36**. Each of the halves **34** and **36** is unitarily formed from, ideally, a lightweight plastic or the like. The first and second halves **34** and **36** are joined by a snap-fit male/female engagement between the annular halves **34** and **36** and between a rod **46** on the first half **34** with a hole **48** in the second half **36** and a hole **50** in the first half **34** with a rod **52** on the second half **36**. As such, the tether housing **12** is both simple and inexpensive in manufacture whereby the extendible golf brush **10** can be made available to the consuming public at an exceedingly reasonable cost.

As FIG. **1** shows most clearly, the fastening mouth **42**, which is fastened to the second end **40** of the tether **28**, enables the second end **40** of the tether **28** to be fastened securely but readily removably to a ring **54** that has an annular body portion that also passes through an aperture **56** in a body portion **58** of a brush member **60**. Looking to FIG. **4**, one sees that the fastening mouth **42** comprises a base member **62** that is coupled to a first fastening jaw **64** by a first hinge **68** and to a second fastening jaw **66** by a second hinge **70**. A male member **72** is disposed on the first

fastening jaw **64** adjacent to the distal end thereof, and a female member **74** is disposed on the second fastening jaw **66** in alignment with the male member **72**.

In use, the first and second fastening jaws **64** and **66** can be pivoted about the first and second hinges **68** and **70** to cause the male member **72** to engage the female member **74** and thereby to capture the body portion of the ring **54**. With this, the brush member **60** is securely fastened to the second end **40** of the tether **28**. However, the brush member **60** and the second end **40** of the tether **28** can be separated readily by simply pulling the male member **72** from within the female member **74** to allow the ring **54** to be removed.

Looking more particularly to the presently preferred brush member **60** of FIG. **1**, one sees that the brush member **60** comprises a readily available brush member **60** that includes an elongate body portion **58** that has a plurality of ergonomic gripping ridges **76** disposed thereon. With the elongate body portion **58** and the ergonomic gripping ridges **76**, a user can enjoy exemplary leverage to allow a most effective cleaning of golf equipment. Most importantly, of course, a distal end of the brush member **60** has a plethora of nylon bristles **78** projecting from a first brushing area **80** and a plethora of bronze bristles **82** projecting from a second brushing area **84**. With this, a user is able to select from two unique brushing characteristics of the bronze bristles **82** and the nylon bristles **78, 11**. One will note that the first and second brushing areas **80** and **84** are disposed at equal and opposite angles relative to the elongate body portion **58** of the brush member **60** such that the first and second brushing areas **80** and **84** assume a V-shaped configuration for allowing a user greater leverage in cleaning his or her golf equipment.

From the foregoing, one will realize that the present invention enjoys a multiplicity of advantages over the prior art. For example, with its efficient construction, the tether housing **12** assists the invention in providing an extendible golf brush **10** that is durable and effective yet capable of being made available to the public at a reasonable cost. Furthermore, with the benefit of the fastening arm **14**, the extendible golf brush **10** can be securely fastened to an external article, such as a golf bag, while remaining readily removable and replaceable relative to the golf bag. Still further, by use of the fastening arm **14** and the fastening mouth **42**, the present invention enables a user to separate the invention into its constituent parts to permit the removal and replacement of individual parts of the extendible golf brush **10** as circumstances require. Furthermore, by employing a brush member **60** of a type that can be readily procured, the invention allows a user to replace the brush member **60** without needing to replace the entire extendible golf brush **10**. Undoubtedly, one who has reviewed the present disclosure will be aware of still further benefits and advantages of the present invention.

Although the invention has been shown and described with reference to a certain preferred embodiment, those skilled in the art undoubtedly will find alternative embodiments obvious after reading this disclosure. With this in mind, the following claims are intended to define the scope of protection to be afforded the inventor, and those claims shall be deemed to include equivalent constructions insofar as they do not depart from the spirit and scope of the present invention.

I claim as deserving the protection of United States Letters Patent:

**1**. An extendible golf brush for cleaning debris from golf equipment, the extendible golf brush comprising:

a tether housing;



a means for removably fastening the tether housing to an external article;

a tether extendibly contained within the tether housing wherein the tether has a first end fixedly coupled to the tether housing and a second end that is free and wherein the tether is extendible to an extended position but biased to a retracted position;

a brush member comprising a body portion and a plurality of bristles that extend from the body portion; and

a means for removably fastening the second end of the tether to the brush member;

wherein the means for removably fastening the tether housing to an external article comprises a flexible fastening arm with a first end fixedly joined to the tether housing and a second end selectively retainable by a receiving mechanism on the tether housing whereby the flexible fastening arm can securely but removably capture an element of an external article to fasten the tether housing securely to the external article.

**2**. The extendible golf brush of claim **1** wherein the second end of the flexible fastening arm comprises a first hook and wherein the receiving mechanism on the tether housing comprises a second hook fixed to the tether housing.

**3**. The extendible golf brush of claim **2** wherein the second hook of the tether housing is disposed within an alcove on the tether housing.

**4**. The extendible golf brush of claim **1** wherein the brush member comprises an elongate body portion with a plurality of plastic bristles fixedly projecting from a first brushing area of the brush member and a plurality of bronze bristles fixedly projecting from a second brushing area of the brush member whereby the brush member presents two markedly different brushing areas for accommodating different cleaning needs.

**5**. The extendible golf brush of claim **4** wherein the first and second brushing areas are disposed at opposite sides of a distal end of the brush member.

**6**. The extendible golf brush of claim **5** wherein each of the first and second brushing areas are disposed at an angle relative to the elongate body portion of the brush member.

**7**. The extendible golf brush of claim **6**, wherein the first and second brushing areas are disposed at equal and opposite angles relative to the elongate body portion of the brush member such that the first and second brushing areas assume a V-shaped configuration.

**8**. The extendible golf brush of claim **1** wherein the tether housing comprises a first half that is formed from lightweight plastic and that is fixedly joined to a second half that is formed from a lightweight plastic.

**9**. The extendible golf brush of claim **8** wherein the tether housing further comprises a plastic spool rotatably disposed between the first and second halves, wherein the tether comprises a nylon chord, and wherein the first end of the tether is fixed to the plastic spool.

**10**. An extendible golf brush for cleaning debris from golf equipment, the extendible golf brush comprising:

a tether housing;

a means for removably fastening the tether housing to an external article;

a tether extendible contained within the tether housing wherein the tether has a first end fixedly coupled to the tether housing and a second end that is free and wherein the tether is extendible to an extended position but biased to a retracted position;

a brush member comprising a body portion and a plurality of bristles that extend from the body portion; and

a means for removably fastening the second end of the tether to the brush member wherein the means for removably fastening the second end of the tether to the brush member comprises a fastening mouth with a first fastening jaw with a proximal end and a distal end, a second fastening jaw with a proximal end and a distal end, and a means for selectively fastening the distal end of the first fastening jaw to the distal end of the second fastening jaw whereby the fastening mouth can securely but removably capture the brush member.

11. The extendible golf brush of claim **10** wherein the fastening mouth further comprises a base member and wherein the first fastening jaw is hingedly coupled to the base member along a first hinge and the second fastening jaw is hingedly coupled to the base member along a second hinge whereby the first and second fastening jaws can be pivoted to a closed position for securely capturing the brush member and whereby the first and second fastening jaws can be pivoted to an open position for releasing the brush member.

12. The extendible golf brush of claim **11** wherein the means for selectively fastening the distal end of the first fastening jaw to the distal end of the second fastening jaw comprises a male member fixed to the first fastening adjacent to the distal end of the first fastening jaw and a female member fixed to the second fastening jaw adjacent to the distal end of the second fastening jaw.

13. The extendible golf brush of claim **10** further comprising a ring with an annular body portion mutually received within the fastening mouth and through the body portion of the brush member.

14. An extendible golf brush for cleaning debris from golf equipment, the extendible golf brush comprising:

a tether housing;

a receiving mechanism comprising a hook that is integrally formed with the tether housing;

a flexible fastening arm with a first end fixedly joined to the tether housing and a second end comprising a hook that can be selectively retained by the receiving mechanism whereby the flexible fastening arm can securely but removably capture an element of an external article to fasten the tether housing to an external article by an engagement of the hook at the second end of the flexible fastening arm with the hook of the receiving mechanism on the tether housing;

a tether extendibly contained within the tether housing wherein the tether has a first end fixedly coupled to the tether housing and a second end that is free and wherein the tether is extendible to an extended position but biased to a retracted position;

a brush member comprising a body portion and a plurality of bristles that extend from the body portion; and

a means for removably fastening the second end of the tether to the brush member comprising a fastening mouth with a first fastening jaw with a proximal end and a distal end, a second fastening jaw with a proximal end and a distal end, and a means for selectively fastening the distal end of the first fastening jaw to the distal end of the second fastening jaw whereby the fastening mouth can securely but removably capture the brush member.

15. The extendible golf brush of claim **14** wherein the hook of the tether housing is disposed within an alcove on the tether housing.

16. The extendible golf brush of claim **14** wherein the fastening mouth further comprises a base member and wherein the first fastening jaw is hingedly coupled to the base member along a first hinge and the second fastening jaw is hingedly coupled to the base member along a second hinge whereby the first and second fastening jaws can be pivoted to a closed position for securely capturing the brush member and whereby the first and second fastening jaws can be pivoted to an open position for releasing the brush member.

17. The extendible golf brush of claim **14** wherein the means for selectively fastening the distal end of the first fastening jaw to the distal end of the second fastening jaw comprises a male member fixed to the first fastening adjacent to the distal end of the first fastening jaw and a female member fixed to the second fastening jaw adjacent to the distal end of the second fastening jaw.

* * * * *


"The Extender"
Our economy retractable
brush cleaning system extends 24".

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED IN CLERKS OFFICE 2005 APR 27 A 10:57 U.S. DISTRICT COURT DISTRICT OF MASS.

**I. (a) PLAINTIFFS**
Richard Halloran

**(b)** County of Residence of First Listed Plaintiff: Essex County, MA
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Thomas P. O'Connell, O'CONNELL LAW OFFICE, 135 Cambridge Street, Suite 10, Burlington, MA 01803 Tel. 781.221.0060

**DEFENDANTS**
Rose Industries, Inc. and Ronald Rose

County of Residence of First Listed Defendant: Los Angeles County, CA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

05-10847 JLT

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☒ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
35 U.S.C. 271

Brief description of cause:
Infringement of U.S. Patent No. 6,112,357

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23 **DEMAND $**

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE: April 27, 2005 SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
IN CLERKS OFFICE
2005 APR 27 A 10: 57
U.S. DISTRICT COURT
DISTRICT OF MASS.

1. Title of case (name of first party on each side only) Halloran v. Rose Industries, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

☑ II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

☐ IV. 220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

☐ V. 150, 152, 153.

05-10847JLT

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES ☐ NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

YES ☐ NO ☑

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES ☐ NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES ☐ NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES ☑ NO ☐

A. If yes, in which division do all of the non-governmental parties reside?

Eastern Division ☑ Central Division ☐ Western Division ☐

B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division ☐ Central Division ☐ Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES ☐ NO ☐

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME Thomas P. O'Connell

ADDRESS 135 Cambridge Street, Suite 10, Burlington, MA 01803

TELEPHONE NO. (781) 221-0060